IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| T.G., et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 8:23-cv-001433-MJM |
| MARYLAND DEPARTMENT OF HUMAN SERVICES, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO REOPEN AND SUPPLEMENT PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL

Plaintiff T.G., on behalf of himself and all others similarly situated; and Disability Rights Maryland, Inc. (hereinafter "Plaintiffs") respectfully request that this Court reopen Plaintiffs' Motion for Class Certification and Appointment of Class Counsel [ECF 2], pursuant to Fed. Rule Civ. Pro. 7(b). This request is made pursuant to the Court's Order of August 29, 2024 (ECF 75), closing Plaintiff's prior Motion, subject to reopening and supplementation following class discovery.

Plaintiffs' renew their request that this Court grant Plaintiffs' Motion for Class Certification, as amended, to certify a class under Federal Rule of Civil Procedure 23(b)(2), or, in the alternative, under Rule 23(b) as to damages, consisting of "[a]ll Maryland children in the custody of a local Department of Social Services who are now, or who will be, placed in a hospital even though they have been determined by their medical providers or an ALJ to not require hospitalization and in need of a non-hospital or non-institutional placement, or who are at imminent risk of continued placement in hospitals without medical necessity, with the exception of children in the custody of the Baltimore City Department of Social Services."

Plaintiffs also reopen their request that Mitchell Y. Mirviss, Leslie Seid Margolis, Megan Rector Berger, and Luciene M. Parsley be appointed Class Counsel in this action pursuant to Fed. R. Civ. P. 23(g).

The grounds for Plaintiffs' motion are set forth in the accompanying Plaintiffs' Supplemental Memorandum in Support of Motions for Class Certification and for Appointment of Class Counsel, and accompanying exhibits and appendix, which incorporates by reference the prior motion papers (ECF Nos. 2 (original motion and memo), 43-2 (amended memo), and 44 (reply)) and supplements them with (i) information gleaned in discovery; (ii) expert opinions; and (iii) legal briefing addressing the new information. Plaintiffs' proposed class satisfies the requirements of Federal Rule of Civil Procedure 23(a), including numerosity, commonality, typicality, and adequacy. It likewise satisfies the requirements of Federal Rule of Civil Procedure 23(b)(2) because Defendants are "act[ing] or refus[ing] to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Finally, Plaintiffs' counsel is highly experienced in handling class actions and other complex litigation involving children in foster care with disability and constitutional and disability discrimination claims and therefore should be appointed as counsel for the class.

I.     PROCEDURAL HISTORY.

1. This case involves the failure of Defendants Maryland Department of Human Services Resources and Maryland Department of Health, including agencies and officials under their control, and various state officials, to ensure appropriate placements and community services for foster children stuck in hospital emergency departments and hospitals without medical need, after clinical determination that they do not require hospitalization.

2. Four named Plaintiffs brought suit asserting constitutional and statutory claims for injunctive, declaratory, and compensatory relief (ECF No. 1) and moved for class certification and

appointment of class counsel (ECF Nos. 2 and 3) on May 30, 2023.  Defendants were served and accepted service on May 31, 2023.

    2.    Defendants moved to dismiss Plaintiffs' complaint on August 4, 2023 (ECF No. 22).

    3.    Plaintiffs filed an Amended Complaint on August 25, 2023 (ECF No. 37).

    4.    On September 18, 2023, Plaintiffs moved to amend by interlineation their motion for class certification and for appointment of class counsel (ECF No. 43).

    4.    Defendants filed their Motion to Dismiss Plaintiffs' Amended Complaint on October 2, 2023 (ECF No. 47); briefing on Defendants' Motion to Dismiss was completed on March 5, 2024 (ECF No. 61).

    6.    At a hearing on August 28, 2024, and in an order entered on August 29, 2024 (ECF No. 75), the Court dismissed Counts III (EPSDT) and IV (due process) of the Amended Complaint and denied dismissal of counts I (ADA) and II (Section 504).  6. The Court's Order allowed for a period of class discovery, after which Plaintiffs could reopen their class certification motion and supplement it, Defendants could respond to the supplement, and Plaintiffs could reply.

    7.     Class discovery ensued from December 2024 through June 2025.  Throughout that period, the parties regularly communicated to resolve various discovery issues.

    8.    Due to the immense volume of materials exchanged from January 2025 through April 2025, the parties sought (ECF Nos. 86, 88, 90), and the Court granted (ECF Nos. 87, 89, and 91), several extensions to the class discovery period and the initial class certification briefing deadlines.

    10.    By Order dated October 6, 2025 (ECF No. 94), this Court set the briefing schedule for class certification as follows:

    a. Plaintiffs to provide their expert(s)' report to Defendants by December 11, 2025.

    b. Plaintiffs to file their renewed Motion for Class Certification by January 12, 2026.

    c. Defendants to provide their expert(s)' report to Plaintiffs by March 11, 2026.

    d. Defendants to file their Opposition to Class Certification by April 10, 2026.

e. Plaintiffs to file their Reply to Defendants' Opposition by May 1, 2026.

11. Plaintiffs have now reviewed hundreds of thousands of pages of discovery from Defendants, including 144 case files of children in DHS custody, Defendants' policies, emails, and other documents from Defendants. Plaintiffs have engaged three experts to review discovery and issue an expert report, which was shared with Defendants on December 11, 2025.

II. CONCLUSION.

In light of the foregoing, Plaintiffs respectfully request that this Court reopen Plaintiffs' motion for class certification, as amended (ECF Nos. 2 and 43) certify a class of children with disabilities and appoint Mitchell Y. Mirviss, Leslie Seid Margolis, Megan Rector Berger, and Luciene Parsley as class counsel in this case.

Dated: January 12, 2026

/s/ Luciene M. Parsley
Luciene M. Parsley (Fed. Bar No. 27089)
(signed by Mitchell Mirviss with permission)
of Luciene M. Parsley)
Leslie Seid Margolis (Fed. Bar No. 23422)
Megan R. Berger (Fed. Bar No. 21705)
Disability Rights Maryland
1500 Union Avenue, Suite 2000
Baltimore, MD 21211
LucieneP@disabilityrightsmd.org
LeslieM@disabilityrightsmd.org
Megan.Berger@disabilityrightsmd.org
Ph: (410) 727-6352 / Fax: (410) 727-6389

Respectfully submitted,

/s/ Mitchell Y. Mirviss
Mitchell Y. Mirviss (Fed. Bar No. 05535)
750 East Pratt Street, 9th Fl.
Venable LLP
Baltimore, MD 21202
mymirviss@venable.com
Ph: (410) 244-7412 / Fax: (410) 244-7742

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that, on this 12th day of January 2026, a copy of the foregoing Renewed Motion for Class Certification and Appointment of Class Counsel, the accompanying Memorandum in Support and exhibits thereto, and a proposed Order were filed in accordance with the electronic filing requirements and procedures established by the United States District Court for the District of Maryland, and all counsel of record were served electronically via the Court's CM/ECF system.

    I FURTHER CERTIFY that, on this 12th day of January, 2026, counsel of record for the Defendants, including Ann M. Sheridan, Esq., ann.sheridan1@maryland.gov, Elise Song Kurlander, Esq., elise.song@maryland.gov, Barry Dalin, Esq., barry.dalin@maryland.gov, Nicole Lugo Clark, Esq., nicole.lugoclark@maryland.gov, and Musa Eubanks, Esq., musa.eubanks@maryland.gov, will be served via electronic mail those exhibits that are being filed under seal pursuant to Plaintiffs' Interim Motion to Seal.

                                                    /s/ Mitchell Y. Mirviss
                                                    Mitchell Y. Mirviss