UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

T.G., by his next friend, BEVERLY SCHULTERBRANDT, *et al.*, *

Plaintiffs, *

v. * Case No. 8:23-cv-01433-MJM

MARYLAND DEPARTMENT OF HUMAN SERVICES, *et al.*, *

Defendants. *

* * * * * * * * * * * *

CONSENT MOTION TO REVISE THE PARTIES' PROPOSED BRIEFING SCHEDULE FOR CLASS CERTIFICATION

Plaintiffs, by and through their undersigned counsel, and pursuant to Federal Rule of Civil Procedure 6(b)(1), and with the consent of Defendants, hereby move this Court to approve the parties' revised proposed briefing schedule for class certification. In support of this motion, Plaintiffs state as follows:

1. On August 29, 2024, the Court issued an order (ECF 75) allowing for a period of class discovery, after which Plaintiffs could renew their class certification motion and Defendants could respond to it. The order also established certain deadlines regarding when the class discovery period would end and when the parties would file their legal briefs addressing the issue of class certification in this case (ECF 75).

2. In accordance with the Court's order, the parties engaged in extensive class discovery from December 2024 through June 2025.

3. Due to the immense volume of materials produced from January 2025 through April 2025, the parties sought (ECFs 86, 88, 90, 92, and 93), and the Court granted (ECFs 87, 89, 91 and 94), several extensions to the class discovery period and the initial class certification briefing

deadlines.

4. On January 12, 2026, Plaintiffs filed their Motion to Reopen and Supplement Motion for Class Certification and Class Counsel. (ECF 95). On April 10, 2026, Defendants filed their Opposition to Plaintiffs' Class Certification Motion (ECF 108), along with a Motion to Exclude the Testimony and Expert Report of Plaintiffs' Experts (ECF 128). In addition to two expert reports, Defendants attached a declaration from one individual defendant.

5. Plaintiffs' Reply to Defendants' Opposition is due May 1, 2026 and Plaintiffs' response to Defendants' Motion to Exclude is due April 24, 2026.

6. Plaintiffs have determined that they will conduct depositions of Defendants' experts and one fact declarant to Defendants' Opposition to Class Certification, which they anticipate conducting in mid-May 2026.

7. Plaintiffs had previously addressed the possibility of extending the briefing schedule with Defendants in mid-February 2026, when Defendants scheduled depositions of Plaintiffs' experts, to allow for mutual discovery. At that time, Defendants agreed that they would not object to extending the briefing schedule if Plaintiffs determined it necessary to conduct depositions of Defendants' experts.

8. On April 21, Defendants agreed that they would consent to depositions and extending the briefing schedule by 30 days after depositions are concluded in exchange for two additional weeks to file their reply to Plaintiffs' Opposition to Defendants' Motion to Exclude, as several counsel for Defendants will be on leave in mid-June. The parties also agreed that Defendants' declarant will not be deposed again in later phases of this litigation on the same topics included in the May 2026 deposition.

9. Plaintiffs hereby request, and Defendants have consented to, the following revised schedule:

a. Plaintiffs to file their Reply to Defendants' Opposition to Class Certification no later than thirty (30) days after depositions are completed;

b. Plaintiffs to file their Opposition to Defendants' Motion to Exclude no later than thirty (30) days after depositions are completed;

c. Defendants to file their Reply to Plaintiffs' Oppositions to Defendants' Motion to exclude no later than 29 (twenty-nine) days after Plaintiffs' Opposition is filed.

10. Pursuant to Rule 6(b)(1)(A), upon a showing of good cause, this Court can extend existing deadlines when, as here, an extension motion is filed before the existing deadlines have expired. Good cause exists here because the Plaintiffs require additional time to conduct depositions of Defendants' experts and to prepare their legal briefs addressing the issue of class certification in this case.

11. Plaintiffs have shared this Motion with Defendants, and they have indicated that they consent to it; therefore it satisfies Local Rule 105.9.

WHEREFORE, Plaintiffs respectfully request that the Court grant this Motion and sign the attached proposed order extending the briefing schedule for certification and Defendants' Motion to Exclude as sought herein.

Dated: April 23, 2026

Respectfully Submitted,

/s/ Luciene M. Parsley
Luciene M. Parsley (Fed. Bar No. 27089)
Leslie Seid Margolis (Fed. Bar No. 23422)
Megan R. Berger (Fed. Bar No. 21705)
Disability Rights Maryland
1500 Union Ave., Suite 2000
Baltimore, Maryland 21211
LucieneP@DisabilityRightsMD.org
LeslieM@DisabilityRightsMD.org
Megan.Berger@disabilityrightsmd.org
Ph: (410) 727-6352 / Fax: (410) 727-6389

/s/ Mitchell Y. Mirviss
Mitchell Y. Mirviss (Fed. Bar No. 05535)
(signed by Luciene M. Parsley with permission of Mitchell Y. Mirviss)
Venable LLP
750 East Pratt Street, 9th Fl.
Baltimore, MD 21202
mymirviss@venable.com
Ph: (410) 244-7412 / Fax: (410) 244-7742

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of April, 2026, a copy of the foregoing **CONSENT MOTION TO REVISE THE PARTIES' PROPOSED BRIEFING SCHEDULE FOR CLASS CERTIFICATION** was served electronically upon all counsel of record *via* the Court's CM/ECF system:

Elise Song Kurlander
elise.song@maryland.gov

Ann M. Sheridan
ann.sheridan1@maryland.gov

Barry Dalin
barry.dalin@maryland.gov

Musa Eubanks
musa.eubanks@maryland.gov

Nicole Lugo Clark
nicole.lugoclark@maryland.gov

Caitlin Miller
Caitlin.miller@maryland.gov

Philip Peisch
ppeisch@brownandpeisch.com

Julia Siegenberg
jsiegenberg@brownandpeisch.com

/s/ Luciene M. Parsley
Luciene M. Parsley